**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THE AMERICAN BOARD OF ANESTHESIOLOGY, INC. Plaintiff | : | Civil Action No. 303CV974(CFD) |
| v. | : | |
| JOHN STEPHEN NAULTY, M.D. Defendant | : | November 21, 2003 |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

In this action, Plaintiff, The American Board of Anesthesiology, Inc.'s ("ABA" or "Plaintiff") alleges that Defendant John Stephen Naulty, M.D. ("Dr. Naulty" or "Defendant") violated the Lanham Act 15 U.S.C. §§ 1125 (a) and (c), because Dr. Naulty allegedly gave his employer a letter written on Plaintiff's letterhead stating that Defendant was Board certified in the subspecialty of pain medicine. Dr. Naulty now moves to dismiss Plaintiff's Complaint on the grounds that (i) this Court lacks subject matter jurisdiction over Plaintiff's Complaint, because the claims stated therein are moot, as Dr. Naulty does not practice and has not, for several years, practiced in the area of pain management and pain medicine and has no intention of ever doing so again, (ii) Plaintiff's claims, as a matter of law fail to allege violations of the Lanham Act, because (a) the alleged violations are not claimed to have occurred in interstate commerce, (b) Count One, which alleges a violation of § 1125(a) fails to allege consumer confusion, and dissemination of the allegedly infringing letter to the purchasing public, and that Plaintiff and Defendant are competitors, and (c) Count Two, which alleges a violation of § 1125(c) fails to

allege actual dilution of Plaintiff's certificate mark and any consumer association of Plaintiff's mark with Defendant, and (iii) Plaintiff fails to plead fraud with particularity.

## II. STATEMENT OF THE CASE

In its Complaint, Plaintiff claims that Dr. Naulty submitted to both the Yale Medical Group and the Yale University School of Medicine (hereinafter collectively "Yale University") a copy of a 1993 letter on ABA letterhead, which letter represented that Defendant was Board certified by the ABA in the subspecialty of pain medicine. Plaintiff alleges that Dr. Naulty does not hold such subspecialty certification, although Defendant is Board certified by the ABA in anesthesiology. (Complaint ¶¶ 5, 23-28). The Complaint contains no allegations that Dr. Naulty disseminated the disputed letter or any other representation regarding certification in the subspecialty of pain medicine to consumers, patients or potential patients. Count One alleges a violation of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits unfair competition, false advertising and false designation of origin of a registered mark. Count Two alleges a violation of the Lanham Act, 15 U.S.C. § 1125(c), which prohibits dilution of a registered mark.

## III. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed As This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint, Because Plaintiff's Claims are Moot

An action must be dismissed as moot if there is no effective relief that the court is able to grant. Burlington N.R.R. Co. v. Crow Tribal Council, 940 F.2d 1239, 1244 (9th Cir. 1991). Under such circumstances, there is no case-or- controversy as required by Article III of the Constitution. Hamson & Burrows Bridge Construction, Inc. v. Cuomo, 981 F.2d 50, 59 (2d Cir. 1992).

When conduct alleged in a complaint to be unlawful voluntarily ceases and there is no reasonable expectation that the challenged conduct will resume, a case is moot, because the court is not in a position to grant the requested relief.  See e.g. Campbell v. Greisberger, 80 F.3d 703, 706 (2d Cir. 1996)(where questions regarding mental health and chemical dependency were removed from bar application, challenge to application was moot).  See also Hamson & Burrows Bridge, 981 F.2d 54, 61 (emergency regulation temporarily suspending disadvantaged business program rendered constitutional challenge to program moot); Park County Resource Council v. United States Dept. of Agric., 817 F.2d 609, 614-15 (10th Cir. 1987)(action to enjoin oil drilling on national forest land was moot, where drilling had been abandoned).  See also City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 n. 10 (1982) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.")  Further, if the voluntary cessation of unlawful conduct occurs because of reasons unrelated to the litigation, the case will be deemed moot even in the absence of evidence that the behavior is not likely to reoccur.  Sze v. I.N.S., 153 F.3d 1005, 1008-1009 (9th Cir. 1998)(where I.N.S. acted on plaintiff's application not because of the litigation, action to compel I.N.S. to act on application was moot); Campbell, 80 F.3d at 706.

In determining whether there is a reasonable likelihood of resumption of illegal conduct, the court will look at whether the defendant is free to return to its illegal conduct and whether it is likely that the defendant will do so. See Jews for Jesus, Inc. v. Hillsborough County Aviation Auth., 162 F.3d 627, 629 (11th Cir. 1998)(where airport's new policy for permitting literature distribution had been consistently applied for three years and had resulted from deliberation, case was moot, as there was no reasonable expectation that the airport would return to prior policy).

1. Plaintiff's Request for Declaratory and Injunctive Relief is Moot

In this action, Plaintiff requests that this Court issue a declaration that Dr. Naulty has wrongfully used Plaintiff's certification mark. In addition, Plaintiff requests that this Court enter preliminary and permanent injunctions (i) prohibiting Defendant from infringing upon Plaintiff's certification marks and representing that he is certified by Plaintiff in the subspecialty of pain medicine and (ii) requiring Dr. Naulty to deliver to Plaintiff copies of any documents in his possession which represent that he is certified by Plaintiff in the subspecialty of pain medicine.

As stated in Dr. Naulty's Affidavit filed in connection with this Motion to Dismiss, Dr. Naulty does not practice in the areas of pain management or pain medicine and has not practiced in these areas for over three years prior to the initiation of this litigation. (Affidavit of John Stephen Naulty, M.D. ("Aff.") ¶¶ 7 and 8). Dr. Naulty has no intention of ever practicing pain medicine in the future or representing that he is certified in the subspecialty of pain medicine by Plaintiff (Aff. ¶¶ 8 and 9). Dr. Naulty is no longer employed by Yale University (Aff. ¶ 6), so that the letter that Plaintiff alleges that Dr. Naulty gave to Yale University and which Plaintiff claims infringes upon its mark (Exhibit B) no longer has any connection with his practice. Further, Dr. Naulty has no documents in his possession, including Exhibit B to the Complaint, which state or imply that he is Board certified by Plaintiff the subspecialty of pain medicine (Aff. ¶ 11). Additionally, Plaintiff alleges that the ABA certification in pain medicine is valid for ten years after the candidate passes the examination for such certification. (Complaint ¶ 22). The letter that Plaintiff claims that Dr. Naulty gave to Yale University and which allegedly falsely states that Dr. Naulty passed the examination for certification in pain medicine is dated November 8, 1993 and therefore could no longer be used to falsely represent Dr. Naulty's Board certification as such purported certification has expired. Additionally, Dr. Naulty has no

intention of engaging in any unauthorized use of the registered certificate mark of the ABA (Aff. ¶ 12). Accordingly, there is no reasonable possibility that the conduct challenged in this action – the alleged infringement by Dr. Naulty of Plaintiff's certification mark with respect to Board certification in the subspecialty of pain medicine - will reoccur. Consequently, this case is moot.

This Circuit has held that a claim of a Lanham Act violation is moot when the defendant voluntarily ceases the alleged infringing activities and does not intend in the future to misuse the Plaintiff's mark. Knickerbocker Toy Co., Inc. v. Azrak-Hamway International, Inc., 668 F.2d 699, 703 (2d Cir. 1982)(when defendant ceased distributing catalogues depicting plaintiff's product and did not intend to misuse the plaintiff's product in the future, the case was moot, because there was no basis for relief under the Lanham Act); Life Industries Corp. v. Ocean Bio-Chem, Inc., 827 F. Supp. 926, 934 (E.D.N.Y. 1993)(where defendant voluntarily abandoned its trade dress, plaintiff was not entitled to injunctive relief); Schutt Mfg Co. v. Riddell, Inc., 673 F.2d 202 (7th Cir. 1982)(summary judgment denying injunction in Lanham Act case was proper where trial court found that defendant did not threaten to persist in or resume the allegedly infringing or unfair conduct and therefore equitable relief would be inappropriate); Camel Hair & Cashmere Inst. of Am., Inc. v. Associated Dry Goods Crop., 799 F.2d 6, 12-13 (7th Cir. 1982)(preliminary injunction denied for trademark infringement with respect to defendant who had removed products from rack prior to hearing); Burndy Corp. v. Teledyne Indus, Inc. 748 D.2d 767, 774 (2d Cir. 1984) (injunctive relief "wholly unnecessary" given defendant's rectification of any infringement and the absence of any likelihood of repetition); Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 489 (8th Cir. 1993) (finding no error in declining to grant an injunction where defendant had voluntarily remedied the wrongful conduct).

Further, in a case quite similar to the claims in the instant action, the First Circuit upheld the denial of a preliminary injunction to a professional board where there was no evidence that the defendant would continue to misrepresent that she was Board certified by the plaintiff. See American Bd. of Psychiatry & Neurology, Inc. v. Johnson-Powell, 129 F.3d 1 (1st Cir. 1997). In Johnson-Powell, the defendant, a physician and psychiatrist, had falsely represented under oath on several occasions in depositions and in trials when she was testifying as an expert witness that she was Board certified in psychiatry. Id. at 2-3. On her resume, the defendant included a purported certification number. Id. at 3. The plaintiff brought an action for certification mark infringement. Id. At a preliminary injunction hearing held in January 1997, defendant filed an affidavit promising not to repeat her infringing conduct and asserting that she had not provided expert witness testimony or seen patients since 1995. Id. at 3-4. The trial court denied the preliminary injunction finding that the plaintiff had not demonstrated a likelihood of irreparable injury in the future. Id. at 4.

On appeal, in upholding the trial court's ruling, the First Circuit wrote, "[a]bsent likelihood of future infringement, there are none of the ill effects that an injunction seeks to prevent; no loss of future profits, no loss of goodwill or reputation." Id. at 10. The First Circuit noted that the trial court had found that the character of the defendant's misstatements made the possibility of recurring infringement remote, because serving as a courtroom expert and disseminating a resume – the two alleged methods of infringement – were dissimilar to offering goods for sale, which could occur at any time. Id. at 17. Further, the First Circuit stated that the affidavit filed by the defendant in which she had stated that in the future she would not represent that she was Board certified, she would not engage in the unauthorized use of Plaintiff's

certification mark and that she no longer testified as an expert witness as well as her corrected resume supported the trial court's denial of a preliminary injunction. Id. at 18-19.

In the instant case, injunctive relief would similarly not be available to Plaintiff, because it is high unlikely that Dr. Naulty will misrepresent in the future that he is Board certified in the subspecialty of pain by Plaintiff. The nature of the alleged infringing conduct – the provision of one letter to his former employer –is not likely to reoccur, particularly because the certification set forth in the letter has expired and Dr. Naulty does not have a copy of this letter or any document that represents that he is Board certified by Plaintiff in the subspecialty of pain medicine. Further, for over three years, Dr. Naulty has not engaged in the practice of pain management or pain medicine, and he has no intention of engaging in such areas of practice in the future. Moreover, like the defendant in Johnson-Powell, Defendant has signed an affidavit stating that he will not hold himself out to be Board certified in the subspecialty of pain medicine or pain management and that he will not engage in any unauthorized use of the registered certification mark of Plaintiff.[1]

Accordingly, as it is not reasonably likely that Dr. Naulty will infringe on Plaintiff's mark in the future, Plaintiff would not be entitled to injunctive relief in this case. Therefore, this case is moot with respect to Plaintiff's request for injunctive relief. See Knickerbocker Toy Co. 668 F.2d at 703.

    2.  Plaintiff's Claims for Damages are Moot

A complaint under the Lanham Act will be dismissed for mootness if there is no adequate basis for monetary relief. Id. Monetary relief is available to a successful plaintiff under the

---

[1] Plaintiff's claim for declaratory judgment is moot as well. Where a defendant abandons the allege wrongful practice and a plaintiff's claims other claims are dismissed as moot, it is appropriate to dismiss the claim for declaratory judgment as well, because, no practical consequences can follow from the claim for declaratory relief. Campbell, 80 F.3d at 706.

Lanham Act in the form of damages and an accounting of defendant's profits "subject to the principles of equity." The George Basch Co., Inc. v. Blue Coral, Inc, 968 F.2d 1532, 1537 (2d Cir. 1992). Because as a matter of law, Plaintiff is not entitled to either damages or an accounting of Defendant's profits, as set forth below, Plaintiff's complaint should be dismissed as moot. Knickerbocker Toy Co., 668 F.2d at 703.

      a.    Plaintiff is not entitled to damages

It is well established that in order for a Lanham Act plaintiff to recover damages, the Plaintiff must establish actual consumer confusion or intentional conduct that gives rise to a rebuttable inference of consumer confusion." George Basch Co., 968 at F.2d 1537. Here, Plaintiff's Complaint alleges that Dr. Naulty gave his employer an infringing letter. There are no allegations that any consumer, patient or prospective patient of Dr. Naulty was provided with any misleading information as to Dr. Naulty's qualifications. Further, Dr. Naulty's affidavit states that he did not provide any deceptive information to a consumer of health services. (Aff. ¶ 10). Accordingly, Plaintiff cannot prove that Defendant's infringing conduct resulted in consumer confusion. Therefore, Plaintiff cannot establish damages under the Lanham Act, and its claim for damages should be dismissed as moot.

      b.    Plaintiff is not entitled to an accounting for profits

An accounting for profits for a Lanham Act violation is available under three rationales – (i) the defendant has been unjustly enriched, (ii) if the plaintiff sustained damages from the infringement or (iii) the accounting is necessary to deter a willful infringer from repeating its unlawful conduct. George Basch 968 F.2d at 1537. None of these three rationales is applicable to this case.

(1). Unjust enrichment

An accounting for profits in a Lanham Act case based upon unjust enrichment is available only "when the plaintiff can show that, were it nor for defendant's infringement, the defendant's sales would have otherwise gone to the plaintiff." Id. at 1538. Here, Plaintiff's complaint does not allege that it has lost any sales as a result of Defendant's conduct. Further, Plaintiff cannot establish that Defendant diverted Plaintiff's sales to it. Plaintiff is a professional credentialing society. Defendant, as a physician, could not have diverted Plaintiff's sales to himself.

(2). Plaintiff's damages

An accounting for profits in a Lanham Act case based upon a plaintiff's damages is available only if the plaintiff is able to establish consumer confusion resulting from the infringement. Id. at 1539. Here, as stated above, there can be no consumer confusion, as the alleged infringing conduct was a single letter allegedly given by Defendant to his employer and not to any consumer.[2] As stated above, Defendant did not represent to any patients or potential patients that he was Board certified by the Plaintiff in the subspecialty of pain medicine or pain management.

(3). Deterrence

An accounting for profits can be required to deter a willful infringer from repeating its wrongful conduct. International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc. 146 F.3d 66, 72 (2d Cir. 1998). The purpose of this rationale is to protect the public at large. George Basch, 968 F.2d at 1541, and evidence of an intent by Defendant to willfully deceive the

[2] Plaintiff's complaint also requests punitive damages. However, punitive damages are not recoverable in Lanham Act cases. Electronics Corporation of America v. Honeywell, Inc., 358 F. Supp. 1230, 1235 (D. Mass.), *aff'd,* 487 F.2d 513 (1st Cir. 1973), *cert denied*, 415 U.S. 960 (1974)

public is required for this rationale to apply. See Gidatex v. Campaniello Imports, Ltd, 82 F. Supp. 2d 136,143 (S.D.N.Y. 2000)(jury could reasonably conclude that defendant intended to willfully deceive the public). The deterrence remedy is to be used only in extraordinary cases. Life Industries, 827 F. Supp at 933-34. Moreover, a district court has discretion to fashion an alternative remedy or to award only a partial accounting, if the aims of equity would be better served. Tommy Hilfiger 146 F.3d at. 72.

Here, an accounting justified by the deterrence rationale is inappropriate, because as stated extensively above, it is extremely unlikely that Defendant will willfully infringe on Plaintiff's certification mark in the future, and therefore there is no need to deter him from repeating any allegedly wrongful conduct. See Life-Industries, 827 F. Supp. at 933-34 (remedy of accounting for profits based upon deterrence rationale would be denied in case where defendant had voluntarily ceased infringing conduct). Additionally, there are no allegations that Dr. Naulty intended to willfully deceive the public. Accordingly, this is not an extraordinary case where an accounting for profits based upon the deterrence rationale may be awarded. Therefore, an accounting remedy is not available to Plaintiff in this case, and this case is moot.

In sum, Plaintiff would not be entitled to any monetary or injunctive relief in this case. Accordingly, this case is moot and must be dismissed for lack of subject matter jurisdiction.[3]

**B. The Court Should Dismiss Counts One and Two, Because They Do Not Allege That Any Statements Were Disseminated in Interstate Commerce**

A defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. Rule 12(b)(6).

Counts One and Two of the Plaintiff's Complaint allege violations of the Lanham Act, 15

[3] If the underlying claims are moot, a claim for attorney's fees will not ordinarily save the action from dismissal. Liu v. Immigration and Naturalization Serv., 274 F.3d 533, 535 (D.C. Cir. 2001).

U.S.C. § 1125(a) and (c). Count One alleges unfair competition, false designation of origin, and false advertising under 15 U.S.C. § 1125(a). This subsection provides, in relevant part:

> (1) Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a) (emphasis added). Count Two alleges certification mark dilution, under 15 U.S.C. § 1125(c). This subsection provides, in relevant part:

> (1) The owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's *commercial use in commerce* of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection.

15 U.S.C. § 1125(c) (emphasis added).

The Lanham Act applies exclusively to advertising or statements made in or connected to "interstate commerce". Goldberg v. Bell Atlantic, No. 99CIV2889(DC), 2000 U.S. Dist. LEXIS 14250, at *10 (S.D.N.Y. Sep. 29, 2000). Indeed, "[f]or the Lanham Act to apply, the questioned advertising or statements, and not merely the underlying commercial activity, must be disseminated in [interstate] commerce – i.e. [they must] not be purely local." Id. at *11, citing Licata & Co. v. Goldberg, 812 F. Supp. 403, 409 (S.D.N.Y. 1993) (internal quotation marks omitted.). Intrastate statements may satisfy the Lanham Act's interstate commerce requirement only if they substantially affect the Plaintiff's interstate business. Id; see also Playtex Products,

Inc. v. Georgia Pacific Inc., No. 02CIV7848(HB), 2003 U.S. Dist. LEXIS 13981, at *25 (S.D.N.Y. Aug. 12, 2003) (required element of dilution claim is "commercial use in commerce"). The failure to allege the interstate commerce requirement of the Lanham Act is cause for dismissal for failure to state a cause of action. See Iding v. Anaston, 266 F. Supp. 1015, 1018 (N.D. Ill. 1967).

In Count One, Plaintiff neglects to plead the interstate commerce element *in any fashion*. Accordingly, this count must be dismissed. In Count Two, Plaintiff merely states in a conclusory manner that Defendant "used in commerce" the disputed letter, Complaint, ¶ 42. However, Plaintiff alleges in its Complaint that "a substantial part of the events giving rise to the ABA's claims occurred in this district." (Complaint ¶ 7). Further, the infringing conduct alleged in Plaintiff's complaint is purely a local act – Defendant's purported giving of a letter to his employer. Where the dissemination of infringing material is internal, the interstate commerce element is not satisfied. See Cognotec Servs. Ltd. v. Morgan Guaranty Trust Co. of New York, 862 F. Supp. 45, 51 (S.D.N.Y. 1994) (company that disseminated infringing materials to competing software companies for purposes of developing program for internal use did not disseminate "in commerce" as required by the Lanham Act.).

Accordingly, Plaintiff's complaint must be dismissed for failure to allege an essential element of a Lanham Act violation – that the infringing statement was disseminated in interstate commerce.[4]

---

[4] The fact that Plaintiff itself is engaged in interstate commerce is insufficient to satisfy the interstate commerce requirements of the Lanham Act. Einhorn Yaffee Prescott Architecture & Engineering, P.C. v. Turpin, No. 94CV830, 1995 U.S. Dist. LEXIS 20546, at *14 (N.D.N.Y. May 12, 1995), *aff'd*, No. 95-7552, 1996 U.S. App. LEXIS 3497 (2d Cir. Mar. 5, 1996), *cert. denied*, 519 U.S. 929 (1996) (Plaintiff's assertion that it is engaged in business in interstate commerce is insufficient, on its own, to support a claim under Lanham Act.)

**C. This Court Should Dismiss Count One Because Count One Does Not Allege Consumer Confusion.**

"[T]he purpose of § 1125 (a) is to prevent *consumer*[5] confusion regarding a product's source . . ." EMI Catalogue Partnership v. Hill, Holliday, Connors, Cosmopulos Inc., No. 99-7922, 2000 U.S. App. LEXIS 30761, at *9-10 (2d Cir. 2000) (emphasis added) (internal quotation marks omitted). Section 1125(a) of the Lanham Act was passed as a consumer protection stature. Camel Hair, 799 F.2d at 15. "Plaintiff must show that numerous *ordinary prudent purchasers* are likely to be misled or confused as to the source of the product in question because of the entrance in the marketplace of defendant's mark." Savin Corp. v. The Savin Group, No. 02CIV9377(SAS), 2003 U.S. Dist. LEXIS 19220, at *13 (S.D.N.Y. Oct. 28, 2003) (emphasis added) (internal quotation marks omitted). Thus, the confusion requirement is only met if *consumers* are confused. Id. at *10; Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 780 (1992) (ultimate test is whether the public is likely to be deceived or confused); Beverage Marketing USA, Inc. v. South Beach Beverage Corp., 26 Fed. Appx. 12, 13 (2d Cir. 2002) (ultimate question in a claim under the Lanham Act is whether consumers are likely to be confused); N.S. Meyer, Inc. v. IRA Green, Inc., 326 F. Supp. 338, 342 (S.D.N.Y. 1971).

Plaintiff alleges no facts that could possibly support confusion by numerous ordinary consumers as to Dr. Naulty's qualifications resulting from the alleged infringing activity. Rather, Plaintiff relies on one alleged misrepresentation to Defendant's employer. (Complaint,

---

[5] Black's Law Dictionary defines "consumer," in relevant part, as:

> Individuals who purchase, use, maintain, and dispose of products and services. Users of the final product. A member of that broad class of people who are affected by pricing policies, financing practices, quality of goods and services . . . and other trade practices for which state and federal consumer protection laws are enacted."

BLACK'S LAW DICTIONARY 316 (6th ed. 1990).

¶¶ 27-29.) Plaintiff's Complaint alleges no facts that any consumers were ever told of or even aware of Dr. Naulty's alleged misrepresentations concerning his credibility. Plaintiff's attempt to place within the ambit of the Lanham Act a single letter solely allegedly provided to an employer and not to the consuming public is inadequate to support a Lanham Act violation.

**D. This Court Should Dismiss Plaintiff's False Advertising Claim, Because Plaintiff Fails To Allege That Defendant Engaged in Advertising Or Promotion "Disseminated Sufficiently to the Relevant Purchasing Public"**

Plaintiff claims that Defendant engaged in false advertising in Count One. In its recent three-part test to ascertain whether a statement constitutes "commercial advertising or promotion" as required by the Lanham Act, the Second Circuit has stated that the statement must be (1) commercial speech; (2) designed to influence consumers to buy defendant's goods or services; and (3) "although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public." Boule v. Hutton, 328 F.3d 84, 90-91 (2d Cir. 2003); citing Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56-58 (2d Cir. 2002). (emphasis added).

The Second Circuit stated in Fashion Boutique that "advertising is generally understood to consist of widespread communication through print or broadcast media," while promotion "may take other forms of publicity used in the relevant industry, such as displays at trade shows and sales presentations to buyers." 314 F.3d at 57. Further,

> [t]he ordinary understanding of both "advertising" and "promotion" connotes activity designed to disseminate information to the public. . . Thus, the touchstone of whether a defendant's actions may be considered "commercial advertising or promotion" under the Lanham Act is that the contested representations are part of an organized campaign to penetrate the relevant market. Proof of widespread dissemination within the relevant industry is a normal concomitant of meeting this requirement. Thus, businesses harmed by isolated disparaging statements do not have redress under the Lanham Act . . .

Id. (finding twenty-seven oral statements to potential customers insufficient to constitute "widespread dissemination"). See also Mario Valente Collezioni, Ltd. v. AAK Ltd., 280 F. Supp. 2d 244, 256-57 (S.D.N.Y. 2003) (finding no Lanham Act violation although defendant's actions had "a devastating impact on Plaintiff's business" with one client and caused the Plaintiff to lose at least two major accounts, because Plaintiff failed to satisfy the "widespread dissemination" requirement of Fashion Boutique.)

Plaintiff in the instant matter has made no claim nor could it that Defendant initiated "an organized campaign to penetrate the relevant market," or that the letter in dispute constituted a "widespread dissemination." Therefore, Plaintiff's claim of false advertising or promotion under the Lanham Act must fail.

**E. This Court Should Dismiss Plaintiff's False Advertising Claim Because Plaintiff Fails to Allege That Plaintiff Is A Competitor of Defendant and That Plaintiff Suffered a Competitive Injury**

In order to have standing to bring a claim for false advertising under the Lanham Act, a plaintiff must be a competitor of the defendant and allege a competitive injury. Telecom International America, Ltd. v. AT&T Corp., 280 F.3d 175, 197 (2d Cir. 2001); Stanfield v. Osborne Industries, Inc., 52 F.2d 867, 873 (10th Cir. 1995). Here, the Plaintiff alleges that Defendant is a physician and professor and that Plaintiff is an organization that certifies physicians in certain specialties (Complaint ¶¶ 5 and 8-14). Accordingly, Plaintiff and Defendant are not competitors. Thus, Plaintiff's claim of false advertising or promotion is inadequate and must fail.

**F. This Court Should Dismiss Plaintiff's Dilution Claim Because Plaintiff Fails to Allege Actual Dilution and Consumer Association**

In order to state a Lanham Act claim for dilution, actual dilution must be established. Moseley v. Victoria Secret Catalogue, Inc., 537 U.S. 418, (2003); Savin Corp. v. The Savin

Group, 2003 U.S. Dist. LEXIS 19220 at *40.  The Lanham Act defines dilution as the "lessening of the capacity of a famous mark to identify and distinguish goods or services."  15 U.S.C. § 1127.  Further, "[d]ilution occurs when *consumers* associate a famous mark that has traditionally identified the mark holder's goods with a new and different source."  Luigino's, Inc. v. Stouffer Corp., 170 F.3d 827, 832-833 (8th Cir. 1999) (emphasis added); see also Beverage Marketing USA, Inc. v. Hornell Brewing Co., Inc., 36 Fed. App. 12, 15 (2d Cir. 2002) (to establish dilution, the marks must be sufficiently similar in the *consumer's* mind that the junior mark will conjure up an association with the senior mark).  The consumers in question must consist of "a significant segment of the target group of customers" for the plaintiff's product.  Luigino's, Inc. v. Stougger Corp., 170 F.3d at 832.  Here, Plaintiff alleges dissemination of one allegedly infringing statement to one entity – Defendant's employer – and not to "a significant segment of the target group of customers".  As such, a significant number of consumers could not associate Plaintiff's certification mark with Defendant.  Accordingly, Plaintiff's claim for dilution must fail.

    **G.    This Court Should Dismiss Plaintiff's Claims Sounding In Fraud Because Plaintiff Fails To Plead Fraud with Particularity**

Plaintiff alleges in both Count One and Count Two that Defendant misled and made misleading descriptions and representations of fact (Complaint ¶¶ 32, 34, 35, 37). FED. R. CIV. P. RULE 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Generally, a plaintiff pleading fraud must sufficiently allege the statements it claims were false or misleading, the persons responsible for the statements, the time and place of the statements, and how the statements were fraudulent. Textile Deliveries, Inc. v. Stagno, No. 90CIV2020(JFK), 1990 U.S. Dist. LEXIS 13309, at *18 (S.D.N.Y. Oct. 9, 1990).  Here, aside from the date given on the disputed letter, the Plaintiff

makes no allegation with respect to the time that the alleged statement was made. Accordingly, Defendant cannot even determine if this case is barred by the applicable statute of limitations. Thus, Plaintiff has failed to plead fraud with specificity, and both Counts should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed.

Respectfully submitted,

DEFENDANT,
JOHN STEPHEN NAULTY, M.D.

By: /s/ Carolyn W. Kone

Carolyn W. Kone (ct06207)
BRENNER, SALTZMAN & WALLMAN LLP
His Attorneys
271 Whitney Avenue
New Haven, CT 06511
Tel. (203) 772-2600

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 21st day of November, 2003, upon:

Charles L. Howard, Esq.
Karen T. Staib, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103

/s/ Carolyn W. Kone
Carolyn W. Kone, Esq.